**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KIENA CLARK,                                       Case No: 1:14-cv-330

               Plaintiff,                    Dlott, J.

     v.                                                     Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.


**REPORT AND RECOMMENDATION**

### I.     Background

On April 22, 2014, Plaintiff Kiena Clark filed this Social Security appeal in order to challenge the Defendant's finding that she was not disabled.  *See* 42 U.S.C. §405(g). On August 14, 2015, this Court reversed the Defendant's non-disability decision and remanded, pursuant to sentence four of 42 U.S.C. §405(g), for further review by the Social Security Agency.  (*See* Docs. 14, 20).  Following remand, an Administrative Law Judge ("ALJ") issued a favorable decision, finding the Plaintiff to have been disabled as of October 8, 2009, and indicating that Plaintiff was entitled to past due benefits in the amount of $51,725.00 through September 2016.  (Doc. 22 at 3).

Plaintiff's counsel now requests an award of attorney's fees in the amount of $6,931.25 for the 12.5 hours of work he performed in this Court, pursuant to 42 U.S.C. § 406(b).  The amount requested, when added to the $6,000.00 that counsel previously received for work performed at the administrative level, represents the maximum attorney fee award permitted by statute, 25% of the past-due benefits award,.

The pending motion has been referred to the undersigned for initial review and a

Report and Recommendation. The motion could be denied in full as untimely. However, in the exercise of judicial discretion and <u>on this one occasion</u>, the undersigned recommends that counsel's motion be granted in part.

## II. Analysis

Unlike an Equal Access to Justice Act award that is paid directly by the United States, a fee award under §406(b) impacts the social security claimant, because it is paid directly out of her past benefits award.[1] However, also in contrast to the EAJA which permits payment of attorney's fees upon judicial remand alone, a §406(b) fee can be awarded <u>only</u> if the agency awards benefits after remand.

Although counsel's motion is unopposed, this Court has an affirmative duty under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002) and related Sixth Circuit authority to examine the "reasonableness" of the amount of fees sought under §406(b). As Plaintiff acknowledges, a contingency fee may be reduced if the fee requested would constitute a windfall. *Gisbrecht*, 535 U.S. at 808, citing *Rodriguez v. Sec'y of HHS*, 865 F.2d 739, 746-747 (6th Cir. 1989) (*en banc*). The Court's affirmative duty to examine the fee for reasonableness includes an examination of the timeliness of the motion.

### Counsel's Motion is Untimely

The pending motion is untimely under Local Rule 54.2(b), which took effect more than a year prior to the date that counsel filed his motion. Since January 1, 2016, Local Rule 54.2(b) has stated: "An attorney seeking fees awarded under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), must file a motion for fees no later than forty-five days after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later." In this case, counsel represents

---

[1]Plaintiff signed a contingency fee agreement that is attached as an exhibit to counsel's motion.

that the Notice of Award is dated September 19, 2016.[2]  Under the local rule, counsel's motion should have been filed in by November 3, 2016, but instead was not filed until January 10, 2017, more than two months out of time.

The Court recognizes that prior to the enactment of Local Rule 54.2(b), the deadline for filing a motion under §406(b) of the Social Security Act was less clear. Except for those districts in which a local rule addressed the issue, guidance generally was provided by case law.  Under that case law, a majority of courts held that the time frame for filing a fee motion under § 406(b) was governed by Rule 54(d)(2), Fed. R. Civ. P., as calculated from the date the Notice of Award was issued by the Social Security Administration following remand.  To avoid harsh results, courts – including this Court – frequently applied equitable tolling to extend the time period from running just fourteen days from the date of the Notice of Award to a "reasonable" period of time.  *See, e.g., Walker v. Astrue,* 593 F.3d 274, 276 (3rd Cir. 2010); *Bergen v. Commissioner of Soc. Sec.,* 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart*, 440 F. 3d 657, 663 (5th Cir. 2006);.

 Counsel has long experience representing social security claimants, and other attorneys in his firm appear frequently in this Court to appeal adverse social security decisions.  Therefore, counsel should have been aware of the need to file his §406(b) motion within a "reasonable" time even before the adoption of a local rule on point.  *See e.g. Ferry v. Comm'r of Soc. Sec.*, 2016 WL 4471672 (S.D. Ohio August 4, 2016), adopted at 2016 WL 4447819 (S.D. Ohio Aug. 24, 2016).

Nevertheless, the undersigned will not recommend wholesale denial of the untimely motion.  Local Rule 54.2(b) is still relatively new, counsel clearly achieved an

---

[2]Counsel references the Notice of Award as "attached" but the record reflects no such attachment. Nevertheless, the Court accepts counsel's representation as an officer of the Court.

excellent result, and (unlike other counsel) this particular attorney has not been expressly warned or sanctioned for filing prior untimely motions. *Accord, e.g., Ferry* (applying equitable tolling "on this one occasion" to grant a motion for fees that was untimely under Local Rule 54.2(b)); *Hicks v. Comm'r*, Case No. 1:15-cv-110 (reducing fee award under 406(b) where motion was filed 36 days late, and would constitute a windfall); *but see Iames v. Comm'r*, Case No. 1:12-cv-829 (denying untimely § 406(b) motion in its entirety where counsel had been warned to comply with Local Rule 54.2(b)).

### Some Fee Reduction is Appropriate

As stated, the undersigned believes the exercise of judicial discretion to be warranted, on this one occasion, to permit counsel to recover a portion of his fee, despite the untimely filing of his motion. However, the undersigned recommends a reduction of the fee award sought from the maximum under the statute, to a more reasonable award.

Counsel spent 12.5 hours in this Court prior to winning remand. The amount of the fee award that he seeks, divided by the number of hours expended, represents a relatively high hypothetical hourly rate of $554.50.

As has been discussed by many courts, the Commissioner has little incentive to file any response to a §406(b) motion given that fees for such an award are not borne by the Commissioner (as with EAJA fees), but instead are subtracted from an award previously made to the claimant. Even when a response is filed by the Commissioner, it often expresses no position. By statutorily capping contingency fee awards in social security cases at 25%, Congress has attempted to protect often-desperate plaintiffs from giving up too much of their future benefit awards for the sake of obtaining legal

representation. The Sixth Circuit has long "emphasize[d]" that the 25% statutory cap should not be "viewed as *per se* reasonable." *Rodriguez v. Bowen*, 865 F.2d at 746. More recently, published case law from this district explains that an attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Comm'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013) (*citing Gisbrecht*, 535 U.S. at 807).

On the record presented, Plaintiff's counsel has failed to show the requested fee is reasonable. Arguably, even if the motion had been timely filed, a modest "downward adjustment" would be warranted to avoid a windfall, because the amount of past due benefits awarded in this case is so large in comparison to the amount of time counsel spent before this Court. *See Gisbrecht,* 535 U.S. at 808; *see also Lowery, supra* (approving unopposed request for contingency fees based on well-supported motion that represented significant voluntary reduction to just 14.5% of the past-due benefits award).

Counsel's time at the administrative level already has been fully compensated under 42 U.S.C. §406(a), and this Court may not duplicate that recovery in assessing a separate award under 42 U.S.C. §406(b), which is restricted to work performed in this Court. Based upon his experience and the results achieved, counsel argues that the requested fee would not constitute a windfall. But those factors constitute only part of the analysis required by *Gisbrecht* and its progeny.

In *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990), a pre-*Gisbrecht* case, the Sixth Circuit approved of the calculation of a hypothetical hourly rate as "one method of determining whether the attorney would 'enjoy a windfall because of either an

inordinately large benefit award or from minimal effort expended.'" *Id.* at 421-422 (internal quotation and citation omitted). Plaintiff contends that his request is "in line with" similar fee awards, but primarily relies upon West Virginia and California cases that were decided close in time to *Gisbrecht*, when the "reasonable" standard was still evolving. For example, in *Claypool v. Comm'r of Soc. Sec.*, 294 F. Supp. 2d 829 (S.D. W. Va. 2003), the amount of past due benefits was nearly $200,000 - almost four times the amount awarded in this case - and the resulting fee award, while very high, constituted just 9% of the past due benefits. One of the other two cases cited by counsel is unpublished as well as outside this jurisdiction. The third case is published but also not from this jurisdiction, and reflects a lower hourly rate than that sought by counsel here. *See Hearn v. Comm'r of Soc. Sec.*, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) ($450.00 per hour).

More recent cases within this district better illustrate an appropriate award in this case. In *Hicks v. Comm'r*, a motion filed slightly more than one month out of time by another member of counsel's firm provided grounds for a substantial fee reduction. Here, Plaintiff filed the pending motion more than two months beyond the deadline specified in Local Rule 54.2(b).

The hourly rate typically awarded by this Court in social security cases in which counsel seeks an EAJA award ranges from $170-$180 per hour. Applying a rate that doubles the typical EAJA award strikes a balance that allows counsel to recover a fee that is more than fair for an untimely filed motion under 42 U.S.C. § 406(b). Accordingly, the undersigned recommends that counsel's fee be reduced in this case to the equivalent of $360 per hour to avoid a windfall on the record presented.

**III.     Conclusion and Recommendations**

For the reasons stated, it is **RECOMMENDED THAT:**

1.  Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 22) should be GRANTED only in part;

2.  Plaintiff's counsel should be awarded a fee in the amount of $4,500.00, which is equivalent to a reasonable hypothetical hourly rate of $360.00 per hour for the 12.5 hours expended in this Court;

3.  Plaintiff's counsel is forewarned that any **future** untimely filing of a § 406(b) motion, in violation of Local Rule 54.2(b), is likely to result in the denial of any statutory fee;

4.  Counsel should be required to explicitly address the issue of timeliness in any currently pending or future § 406(b) motions filed in this Court.


 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KIENA CLARK,                                    Case No: 1:14-cv-330

          Plaintiff,                          Dlott, J.
   v.                                            Bowman, M.J.


COMMISSIONER OF SOCIAL SECURITY,

          Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).